IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

ADAM CHAPMAN,
On Behalf of Himself and all
Others Similarly Situated,
        Plaintiff,

vs.                                      Civil Action No.:  3:24-cv-00536

TD BANK N.A., d/b/a
TD RETAIL CARD SERVICES,
        Defendant.

### CLASS ACTION COMPLAINT

1. The Plaintiff, Adam Chapman, is a resident of Wayne County, West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, TD Bank, N.A., d/b/a TD Retail Card Services, is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Mason County, West Virginia.

5. After the Plaintiff became in arrears upon the alleged indebtedness owned by Defendant TD Bank, N.A., upon the Plaintiff's account with TD Bank, N.A., the Defendant began to engage in collection of such indebtedness through the use of telephone calls and written communications placed to the Plaintiff and did otherwise communicate with the Plaintiff to collect the alleged debt.

6. TD Bank collected the debt in fictitious names: TD Retail Card Services.

7. TD Bank used this name to collect the TD Bank-issued, store-branded credit card account for Plaintiff's and all similarly situated West Virginia consumers' accounts.

8. TD Retail Card Services is the agent of TD Bank.

9. TD Retail Card Services is not registered as a debt collector in the state of West Virginia.

10. The store-branded cards serviced by TD Retail Card Services are not registered as debt collectors in the state of West Virginia.

11. TD Retail Card Services engages in debt collection on behalf of multiple other retail brands, including but not limited to: Ashley Furniture, Ethan Allen, NordicTrack, Troy-Bilt, Nordstrom, and others. https://mytdfinancing.com/

12. Upon information and belief, TD Retail Card Services is not registered as an entity in any jurisdiction.

13. Nonetheless, TD Retail Card Services engages in debt collection in West Virginia, including but not limited to mailing collection notices to Plaintiff and all similarly situated West Virginia consumers.

14. The Plaintiff sought to invoke the protections under *West Virginia Code* § 46A-2-128(e) by mailing notice that he was represented by counsel by certified mail, return receipt requested to either the registered agent with the West Virginia Secretary of State or to the principal place of business of the collector.

15. TD Retail Card Services is not registered with the West Virginia Secretary of State and does not have a principal place of business.

16. Store-branded entities, such as Samsung Finance, are not registered with the West Virginia Secretary of State and do not have principal places of business.

17. Upon information and belief, TD Bank is the lender on the account.

18. TD Bank does not collect its debts using its true name.

19. Plaintiff and all others similarly situated are unable to invoke their protections under *West Virginia Code* § 46A-2-128(e) due to the fact that TD Bank does not collect the debt in its true name.

20. Plaintiff and all others similarly situated are unable to invoke their protections under *West Virginia Code* § 46A-2-128(e) due to the fact that TD Bank's agents are not registered with the West Virginia Secretary of State.

21. Plaintiff and all others similarly situated are unable to invoke their protections under *West Virginia Code* § 46A-2-128(e) due to the fact that TD Bank's agents do not have a principal place of business registered on any database.

22. Plaintiff and all others similarly situated are unable to invoke their protections under *West Virginia Code* § 46A-2-128(e) due to the fact that TD Bank does not exercise direct control over its agents debt collection activities.

## CLASS ACTION ALLEGATIONS

23. Pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, Plaintiff brings this claim on behalf of all West Virginia residents who received written communications sent to a West Virginia address from or on behalf of TD Bank, NA attempting to collect debt using the name TD Retail Card Services.

24. Plaintiff seeks to bring the claims below as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure on behalf of himself and all others similarly situated.

25. Plaintiff reserves the right to re-define a Sub-Class if necessary [collectively "the Classes"] prior to class certification.

26. Numerosity: The number of persons who are members of the Class, as described above, are so numerous that joinder of all members in one action is impracticable.

27. Predominance: Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendant complained of herein were generally applicable to the entire Class. These legal and factual questions include, but are not limited to:

    a. Whether the Defendant TD Bank was using the names TD Retail Card Services and/or store-branded TD Retail Card Services accounts illegally and without registering the name as a trademark or DBA (doing business as) with the State of West Virginia to legally use the name in the pursuit of the collection of claims without first registering the name with the WV Secretary of State;

    b. Whether Plaintiff and Class Members were contacted by the Defendant using a name other than their 'true name' for the purpose of collecting consumer debt in the State of West Virginia;

    c. Whether TD Retail Card Services is a true name of the Defendant;

    d. Whether Defendant is legally responsible for damages incurred by Plaintiff and the Class Members for their conduct surrounding the collection of debt using the false and unregistered fictitious name TD Retail Card Services in the collection of debt.

28. Commonality: All questions, actions, and inactions by Defendant at issue are similarly common. Such as making a determination of Defendants' true name, legal use of name TD Retail Card Services. The issues will be easily determined, likewise, whether defendant has made collection attempts can be easily determined from defendants'

records.

29. Numerosity: Plaintiff alleges upon information and belief, that the number of class members is so numerous that joinder of all of them is impractical. Plaintiff's beliefs are based on the fact that: (1) TD Retail Card Services is not licensed or found anywhere within the records of the Secretary of State of West Virginia, (2) TD Retail Card Services routinely engages in collection of consumer debt accounts located in West Virginia; (3) upon information and belief, the applicable Class period spans collection attempts up to and including the previous four (4) years from the date of Defendant receiving their notice of right to cure.

30. The members of the proposed Class will be easily ascertained from the records of the defendant when discovery commences herein.

31. The Class Representative's claims raise questions of law and fact that are common to claims of each member of the class. Specifically, the central issue raised by this action is whether defendants violated W.Va. Code §46A-2-127 et seq. in collecting debt in the name of TD Retail Card Services which is not the true name of the organization.

32. The claims of the Class Representative are typical of the claims of each member of the class. Specifically, the central issue raised by this action is whether defendants violated W.Va. Code §46A-2-127 et seq. in collecting debt in the name of TD Retail Card Services which is not the true name of the organization. All purported members of the Classes make the same allegations.

33. The common issues involved in this lawsuit predominate over any separate issues that may exist with the individual Plaintiff.

34. The Class Representative is a West Virginia resident who will fairly and adequately

protect and represent the interest of each member of the Classes. Additionally, the Class Representative is fully cognizant of his responsibilities as Class Representative, and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

35. The question of law or fact common to Class Representative's claims and the claims of each member of the Class predominate over any question of law or fact affecting only individual members of the Class. Additionally, the amount in controversy for each Class member's claims would make individual lawsuits economically unfeasible, if not impossible. Class Representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## CLASS CLAIMS FOR RELIEF

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

36. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint as if set forth fully herein verbatim.

37. By letter dated May 8, 2023, TD Retail Card Services sent a collection letter to the Plaintiff. Exhibit 1.

38. Exhibit 1 is representative of collection correspondence sent by TD Retail Card Services on a monthly basis to Plaintiff and other similarly situated West Virginia Consumers.

39. The letter seeks to collect consumer debt.

40. Upon information and belief, the debt collector identified by the letter dated May 8, 2023, is not licensed or registered with the West Virginia Secretary of State or WV Tax Commissioner to collect consumer debt in the State of West Virginia.

41. Upon information and belief, the name "TD Retail Card Services" is a false or fictitious name used by TD Bank to collect consumer debts in the State of West Virginia.

42. By letter dated June 15, 2023, TD Retail Card Services sent a collection letter to the Plaintiff. Exhibit 2.

43. Exhibit 2 is representative of collection correspondence sent by TD Retail Card Services on a monthly basis to Plaintiff and other similarly situated West Virginia Consumers.

44. The letter seeks to collect consumer debt.

45. Upon information and belief, the debt collector identified by the letter dated June 15, 2023, is not licensed or registered with the West Virginia Secretary of State or WV Tax Commissioner to collect consumer debt in the State of West Virginia.

46. Upon information and belief, the name "TD Retail Card Services" is a false or fictitious name used by TD Bank to collect consumer debts in the State of West Virginia.

47. Plaintiff brings this action pursuant W.Va. Code §46A-2-127 which states, in relevant part, as follows:

§46A-2-127. No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:

(a) The use of any business, company or organization name while engaged in the collection of claims, other than the true name of the debt collector's business, company or organization;

(e) Any false representation or false implication that any debt collector is vouched for, bonded by, affiliated with or an instrumentality, agent or official of this state or any agency of the federal, state or local government

48. Defendant TD Bank violated the provisions of the West Virginia Consumer Credit and Protection Act, *W.Va. Code* §46A-1-101 et seq.

49. Upon information and belief, the name TD Retail Card Services is not a registered

business entity, organization, tradename, or DBA (doing business as), registered with the State of West Virginia.

50. Without following these legal requirements, a scam artist could easily mimic a TD Retail Card Services logo and demand payment for bills and abscond with the funds without being registered, posting a bond, or otherwise being subjected to the regulations that the state of West Virginia has imposed to protect consumers in the state.

51. Without following these legal requirements, a scam artist could easily mimic a store-branded logo and demand payment for bills and abscond with the funds without being registered, posting a bond, or otherwise being subjected to the regulations that the state of West Virginia has imposed to protect consumers in the state.

52. The FTC teaches consumers to recognize scams by warning that "Scammers PRETEND to be from an organization you know."  https://oig.ftc.gov/ftc-imposter-scams

53. To ensure that the attorney representation notice goes to a legitimate debt collection organization, Plaintiff only sends notices to registered banks, corporations, and collection agencies.

54. Defendant has violated section (a) by using the name "TD Retail Card Services" and/or "Samsung Finance" in collection letters, which is not the true name(s) of the debt collector's business, to collect claims of consumer debt against the Plaintiff and other individuals similarly situated in the State of West Virginia with West Virginia addresses.

55. Plaintiff, and similarly situated consumers, have suffered damages as a result of Defendants use of the dba TD Retail Card Services" and/or "Samsung Finance" as the true name of the organization.

56. Each instance in which Defendant used the unregistered name "TD Retail Card Services"

and/or "Samsung Finance" was an attempt to collect debt against a West Virginia resident with a West Virginia address when they were not permitted to do so constitutes a separate and distinct unlawful act.

## COUNT II

### *UNLICENSED DEBT COLLECTOR*

57. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint as if set forth fully herein verbatim.

58. *W.Va. Code* 47-16-3 reads "[n]o person, firm, corporation or association shall establish or conduct within this State a collection agency except as authorized by this article."

59. *West Virginia Code* §47-16-2 (b):

"Collection agency' means and includes all persons, firms, corporations and associations (1) directly or indirectly engaged in the business of soliciting from or collecting for others any account, bill or indebtedness originally due or asserted to be owed or due another and all persons, firms, corporations and associations directly or indirectly engaged in asserting, enforcing or prosecuting those claims; 2) which, in attempting to collect or in collecting his or her own accounts or claims uses a fictitious name or names other than his or her own name; (3) which attempts to or does give away or sell to others any system or series of letters or forms for use in the collection of accounts or claims which assert or indicate directly or indirectly that the claims or accounts are being asserted or collected by any person, firm, corporation or association other than the creditor or owner of the claim or account; or (4) directly or indirectly engaged in the business of soliciting, or who hold himself or herself out as engaged in the business of soliciting, debts of any kind owed or due, or asserted to be owed or due, to any solicited person, firm, corporation or association for fee, commission or other compensation."

60. It is the public policy of this State that collection agencies register and place a bond / surety with the State of West Virginia to protect West Virginia consumers from unlicensed entities who may seek to prey upon consumers.

61. This public policy furthers the public good by allowing and encouraging residents of West Virginia to seek redress against the surety bonds required by *W.Va. Code* § 47-16-1 *et seq*. for violations of the WV Consumer Credit and Protection Act or other errors that

may occur in the collection of consumer debts.

62. Defendant, d/b/a TD Retail Card Services" and/or "Samsung Finance," violated the public policy of this State by failing to comply with the Collection Agency Act of 1973 which required Defendant to obtain licenses and put surety bonds in place with the West Virginia commissioner.

63. Defendant has violated *W.Va. Code* 46A-2-128 unfair or unconscionable means.

64. Defendant has violated *W.Va. Code* 46A-6-104 unfair or deceptive act or practice.

65. Upon information and belief, Defendant TD Bank d/b/a "TD Retail Card Services" and/or "Samsung Finance" violated the public policy of this State at all times relevant to the filing of this Complaint and for a period of four (4) years prior each time they collected or attempted to collect upon a consumer debt in the State of West Virginia using the name "TD Retail Card Services" and/or "Samsung Finance" by sending debt collection letters to Plaintiff and other similarly situated consumers to a West Virginia address.

66. Plaintiff and other similarly situated individuals suffered damages as a result of Defendant's violations of public policy of this state in collecting debt without first registering as a collection agency as required by law.

## COUNT III

## JOINT VENTURE

67. Plaintiff incorporates herein by reference all preceding paragraphs as if set forth fully herein verbatim.

68. Defendant TD Bank, N.A. partners with retailers, such as Samsung, interested in providing a financing option to their customers under the guise of TD Retail Card

10

Services.

69. TD Retail Card Services, Samsung, and other similar retailers are subject to state lending limitations that do not apply to TD Bank because it is a national bank.

70. The Defendants have a common interest and venture; that is Samsung and similar retailers, through their nationwide network of retail stores, sold the products, and TD Bank paid Samsung and similar retailers via branded credit cards opened in consumers' names.

71. Upon information and belief, TD Bank was paid money by TD Retail Card Services, Samsung, and similar retailers for making financing available, by consumers in the form of interest and fees.

72. TD Bank did not communicate directly with the Plaintiff or Class Members throughout the process, but instead relied on TD Retail Card Service's agent to facilitate application and approval of store branded credit cards.

73. The point of the enterprise was for all of the Defendants to enrich each other at the expense of the Plaintiff and the Class Members.

74. All of the Defendants have joint control and venture.

75. All of the Defendants had a joint proprietary interest in getting the Plaintiff and the Class Members to finance their purchases.

76. All of the Defendants shared in the profits of the joint venture.

77. Plaintiff and Class Members were financially damaged as a result of the Defendants' joint venture and suffered, and continue to suffer, significant emotional distress, humiliation, fear, concern, worry, indignation, out of pocket loss, credit degradation, and other harm.

**DEMAND FOR RELIEF**

The Plaintiff demands from the Defendants:

a. on behalf of himself and all members of the proposed Class herein, demands judgment in an amount sufficient to fully compensate him and all members of the proposed Class for all damages they have suffered as a result of the Defendants violations of statute, violations of public policy, or other wrongful and/or illegal conduct;

b. Actual damages for the violations of the WVCCPA, as authorized by *West Virginia Code* §46A-5-101(1), for all such violations that occurred up to the date and time of the filing of this complaint;

c. Statutory damages, in the maximum amount authorized by *West Virginia Code* §46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

d. The Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

e. The Plaintiff be granted general damages and punitive damages for the Defendant's conduct;

f. And, such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                    **ADAM CHAPMAN,**
                    **ON BEHALF OF HIMSELF AND**
                    **ALL OTHERS SIMILARLY SITUATED,**
                    By Counsel,

BY: /s/Benjamin Sheridan
      Benjamin Sheridan (WVSB #11296)
      Megan A. Patrick (WVSB #12592)
      Jed Nolan (WVSB #10833)
      Klein & Sheridan, LC
      3566 Teays Valley Road
      Hurricane, WV 25526
      T: (304) 562-7111
      F: (304) 562-7115
      *Counsel for Plaintiff*