IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ADAM CHAPMAN, on behalf of himself
and all others similarly situated,

            Plaintiff,

v.                                          CIVIL ACTION NO. 3:24-0536

TD BANK N.A.,
d/b/a TD RETAIL CARD SERVICES,

            Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant TD Bank, N.A.'s Motion to Dismiss with Prejudice. ECF No. 15. For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

### I.    Background

This case revolves around Plaintiff Adam Chapman's alleged outstanding debt and the subsequent efforts at collection. Both parties agree T.D. Bank owns the debt. However, the parties disagree over the legality of T.D. Bank's efforts to collect.

Mr. Chapman and TD Bank entered into a cardholder agreement ("Agreement").[1] *Agreement*, ECF No. 15-1. In the Agreement, TD Bank agrees to provide Mr. Chapman a credit card account. *Id.* at 1. The Agreement informs Mr. Chapman that "[his] Card is issued and [his] Account is owned by TD Bank, N.A." *Id.* The Agreement also provides Mr. Chapman with a phone number and address to contact TD Bank. *Id.* at 1–4.

---

[1] Though Mr. Chapman did not include the Agreement in his Complaint, the Court may consider the Agreement because it is integral to the Complaint and neither party has challenged its authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

In correspondence dated May 8, 2023, Mr. Chapman received information about his account ("Account Statement").[2] *Account Statement*, ECF No. 1-1. The correspondence is four pages in length. *Id.* The top of the first page has the words "Samsung Financing" and "Your Account Statement" in large font and in bold. *Id.* at 1. The first page also includes the balance, minimum payment due, and a due date. *Id.* The top left of the fourth page, in small font, includes the statement "Your credit card is issued by TD Bank, N.A." *Id.* at 4. The Account Statement also includes the same phone number[3] and address that were provided in the Agreement. *Id.* Mr. Chapman received similar correspondence monthly. *Compl.* at ¶ 38, ECF No. 1.

In a letter dated June 15, 2023 ("Letter"), TD Retail Card Services sent additional correspondence explicitly seeking to collect on a debt. *Letter*, ECF No. 1-2. The top of the Letter, in large font and boldfaced letters, reads "TD Retail Card Services." *Id.* The Letter is addressed to Mr. Chapman and opens with: "We are writing today to remind you that despite several requests for payment your account still remains past due." *Id.* Towards the end, the Letter explicitly states, "This is an attempt to collect a debt." *Id.* This Letter also includes the same contact information that was provided in the Agreement. *Id.*

In Mr. Chapman's Complaint, he alleges TD Bank violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), acted as an unlicensed debt collector in violation of the West Virginia Collection Agency Act ("WVCAA"), and is a part of an undisclosed joint venture. Mr. Chapman brings this case as a class action on behalf of himself and all others similarly situated.

TD Bank motioned to dismiss these claims. The Court considers the motion below.

---

[2] The Court treats all facts alleged by Plaintiff as true at the motion to dismiss stage.
[3] In addition to including the phone number provided in the Agreement, the Account Statement also directs Mr. Chapman to at least two additional phone numbers. *Id.* at 1.

## II. Legal Standard

According to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." While detailed factual allegations are unnecessary, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To demonstrate facial plausibility, the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to motion to dismiss claims for failure to meet the above standard. When considering a Rule 12(b)(6) motion to dismiss, courts "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, courts must "draw all reasonable inferences in favor of the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a court "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

In limited circumstances, courts may consider documents outside the complaint without converting a motion to dismiss into a motion for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). For example, courts may consider documents "submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citation omitted).

### III.  Analysis

Mr. Chapman brings three counts in his Complaint. Count I alleges violations of the WVCCPA. Count II alleges TD Bank acted as an unlicensed debt collector. Count III alleges TD Bank formed an illegal or tortious joint venture. In Mr. Chapman's response, he offers to withdraw Counts II and III. Accordingly, the Court **DISMISSES** Counts II and III.

The WVCCPA is core to the remaining issues. According to the West Virginia Supreme Court of Appeals:

> The purpose of the [WV]CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action. *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 523 (1995). Hence, we have recognized that the [WV]CCPA is a "remedial" statute. *Id.* A remedial statute improves or facilitates remedies already existing for the enforcement or rights of redress of wrongs. *Martinez v. Asplundh Tree Expert Co.*, 803 S.E.2d 582, 588 (2017). Statutes which are remedial in their very nature should be liberally construed to effectuate their purpose. Syl. pt. 6, *Vest v. Cobb*, 76 S.E.2d 885, 887 (1953). *Accord, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d at 523 ("Where an act is clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended.").

*State ex rel. 3M Co. v. Hoke*, 852 S.E.2d 799, 809 (2020) (cleaned up).

Since case law is limited for certain provisions within the WVCCPA, courts have frequently turned to interpretations of the Fair Debt Collection Purchase Act (FDCPA), the federal corollary of the WVCCPA, to inform decisions. *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 502 (S.D.W. Va. 2014); *Waddell v. Cap. Accts., LLC*, No. 2:19-CV-00122, 2019 WL 5792865, at *5 (S.D.W. Va. Nov. 5, 2019). However, where the language of the WVCCPA is clear, courts must apply the language of the WVCCPA rather than import analogous language from the FDCPA. *Hill v. SCA Credit Servs., Inc.*, No. 5:14-CV-29565, 2015 WL 1808930 (S.D.W. Va. Apr. 21, 2015) at *4 n.2, *aff'd*, 622 F. App'x 231 (4th Cir. 2015).

Mr. Chapman specifically alleges TD Bank violated WVCCPA § 46A-2-127, which states in relevant part:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> (a) The use of any business, company or organization name while engaged in the collection of claims, other than the true name of the debt collector's business, company or organization . . .
>
> (e) Any false representation or false implication that any debt collector is vouched for, bonded by, affiliated with or an instrumentality, agent or official of this state or any agency of the federal, state or local government . . . .[4]

Mr. Chapman alleges that TD Bank has violated § 46A-2-127(a) by using names other than its true name to collect debt and § 46A-2-127(e) by attempting to collect debts in the name of

---

[4] Section 46A-2-122 provides the definitions for several of these terms:

(a) "Consumer" means any natural person obligated or allegedly obligated to pay any debt.

(b) "Claim" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

(c) "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer.

(d) "Debt collector" means any person or organization engaging directly or indirectly in debt collection. The term includes any person or organization who sells or offers to sell forms which are, or are represented to be, a collection system, device or scheme, and are intended or calculated to be used to collect claims. The term excludes attorneys representing creditors provided the attorneys are licensed in West Virginia or otherwise authorized to practice law in the State of West Virginia and handling claims and collections in their own name as an employee, partner, member, shareholder or owner of a law firm and not operating a collection agency under the management of a person who is not a licensed attorney.

unlicensed debt collectors. TD Bank argues that the periodic account summary statements it sends are not efforts to collect debts, that the names it collects debt under are clearly related and easily traceable to TD Bank, and that Mr. Chapman's § 46A-2-127(e) claim is a recasting of his WVCAA claim, which does not apply to TD Bank.[5] The Court addresses each of these arguments below.

### a. Account Statement

TD Bank first contends that the Account Statement is not an effort to collect a debt and, therefore, cannot form the basis for a WVCCPA violation. TD Bank's reasoning falls along three lines of argumentation: 1) there is no language in the Account Statement that could constitute an effort to collect a debt; 2) the Account Statement is better characterized as a billing statement that includes information required by the Truth in Lending Act (TILA); and 3) courts in West Virginia and elsewhere have held that billing statements that include TILA requirements are not violations of the WVCCPA as a matter of law. Mr. Chapman disagrees with each of these arguments.

According to TD Bank, the Account Statement cannot be a violation of § 46A-2-127 because the Account Statement correspondence does not seek to collect debt. TD Bank would prefer the Court to classify the Account Statement as a periodic billing statement. TD Bank argues the Account Statement is categorically different than the Letter, which explicitly states, "This is an attempt to collect a debt." TD Bank contends that the Account Statement, on its face, cannot be considered an effort to collect debt.

The Court finds plenty of language included in the Account Statement that could constitute action or conduct that seeks to collect a claim from Mr. Chapman. On the first page of the Account Statement, there is a "Payment Information" section that lists the minimum payment due in bold

---

[5] In the motion, TD Bank also moved to dismiss due to lack of notice. However, TD Bank withdrew this argument in reply to Mr. Chapman's response.

and informs Mr. Chapman when that payment is due. *Account Statement* at 1. In the same section there is a "Late Payment Warning" that notifies Mr. Chapman that there may be a late payment fee if he does not make the minimum payment. *Id.* The first page also includes a detachable coupon that contains, in bold, the following: "Please detach this portion and return with your payment to insure proper credit." *Id.* The last page lists myriad ways Mr. Chapman could pay the outstanding debt. *Id.* at 4. A factfinder could easily find that these statements aimed, at least in part, to induce Mr. Chapman to pay and that they constituted efforts to collect on claims.

TD Bank next argues that the Account Statement is better understood as a periodic billing statement that includes information required by the Truth in Lending Act (TILA). However, even if the Court accepts this characterization as accurate, "[n]othing in the Truth in Lending Act says that a periodic statement cannot serve as a means of debt collection." *Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 980 (11th Cir. 2022); *see also Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014) ("a communication can have more than one purpose"). While TD Bank may have sent the Account Statement in line with TILA, a factfinder could find that the statement served the dual purpose of seeking to collect the debt Mr. Chapman allegedly owed.

Finally, TD Bank contends that courts in West Virginia have determined that billing statements that include information required by TILA are not violations of the WVCCPA as a matter of law. For this argument, TD Bank primarily relies on two Northern District of West Virginia cases: *Rice v. Green Tree Servicing*, LLC, No. 3:14–CV–93, 2015 WL 5443708 (N.D.W. Va. Sept. 15, 2015) and *Perrine v. Branch Banking & Tr. Co.*, No. 2:17-CV-70, 2018 WL 11372226 (N.D.W. Va. Sept. 25, 2018).

*Rice* and *Perrine* were cases decided at the summary judgment stage that implicated WVCCPA § 46A-2-127 and involved monthly billing statements required by federal and state law.

The *Rice* Court held that the monthly billing statements the defendant sent did not rise to "unscrupulous collection practices" and may not have been collection practices at all. *Rice*, 2015 WL 5443708 at *12. *Perrine* held similarly. *Perrine*, 2018 WL 11372226 at *5. Though both opinions suggested that monthly billing statements may not constitute collection practices, neither went so far as to hold that to be the case as a matter of law. Instead, both rested their holdings on the finding that the defendants' practices were not unscrupulous, for purposes of the WVCCPA, as a matter of law. *Rice*, 2015 WL 5443708 at *12; *Perrine*, 2018 WL 11372226 at *5.

Since *Rice*, several federal courts have had occasion to determine whether monthly billing statements that included information required by state or federal law can be considered debt collection. The trend in case law suggests these periodic statements may be considered attempts at debt collection. *Lamirand*, 38 F.4th at 980–82 (holding a factfinder could conclude periodic statements required by TILA sought to collect debt); *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1271 (11th Cir. 2022) (holding monthly mortgage statements required by TILA can constitute efforts to collect debt); *see Tederick v. LoanCare, LLC*, No. 2:22-CV-394, 2024 WL 1223446, at *12 (E.D. Va. Mar. 21, 2024), *reconsideration denied*, No. 2:22-CV-394, 2024 WL 3607442 (E.D. Va. July 30, 2024) (declining to follow *Rice* and *Perrine* and asserting the court will not "fashion a new rule that forecloses parties from stating a claim under the WVCCPA based on allegedly false billing statements").

To point the Court to case law specific to the WVCCPA, Mr. Chapman cites to *Price v. Higher Educ. Loan Auth. of Mohela*, No. CC-40-2022-C-179 (W. Va. Cir. Ct. Putnam Cnty. 2024). The *Price* Court held that regular monthly statements may constitute debt collection activities that fall within the scope of the WVCCPA. *Id.* at 14. The *Price* Court disagreed with the outcomes in *Rice* and *Perrine* and recognized the general trend of federal court decisions discussed above. *Id.*

at 15–17. In disagreeing with *Rice* and *Perrine*, the *Price* Court noted that neither case engaged with changes made to the WVCCPA in 2015.

The Court finds the 2015 revisions to the WVCCPA informative. Section 46A-2-128 of the WVCCPA forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any claim." One of the explicitly prohibited practices is that a debt collector may not communicate with a consumer that has attorney representation. § 46A-2-128(e). In 2015, the West Virginia legislature amended this prohibition to exclude "[r]egular account statements provided to the consumer and notices required to be provided to the consumer pursuant to applicable law[.]" *Compare* W. Va. Code § 46A-2-128(e) (2014) *with* W. Va. Code § 46A-2-128(e) (2015) (adding the quoted language). The legislature has amended the WVCCPA multiple times since. However, the legislature did not amend § 46A-2-127 to include a similar exception. The West Virginia legislature has demonstrated that it can and will exempt account statements where appropriate.

The language of the WVCCPA, the case law, and the actions of the West Virginia legislature all suggest that periodic statements that include information required by TILA may constitute efforts to collect debt. Further, the specific language of the Account Statement, as detailed above, could easily allow a factfinder to determine that TD Bank sought to use the Account Statement to collect from Mr. Chapman. Therefore, the Account Statement may appropriately be considered in determining whether TD Bank violated the WVCCPA.[6]

---

[6] In Reply, TD Bank argues that the Account Statement "must contain some fraudulent, deceptive, or misleading representation to turn a monthly statement into a debt collection attempt within the scope of the WVCCPA." *Reply* at 4. However, § 46A-2-122(c) defines "debt collection" and has no such requirement. Of course, a plaintiff must allege more than mere debt collection for there to be a *violation* of the WVCCPA. Section 46A-2-127 instructs that debt collection efforts that are generally "fraudulent, deceptive or misleading representation" can be a violation of § 46A-2-127. Additionally, the statute details specific practices that are in violation of § 46A-2-127. Mr.

      b. *Section 46A-2-127(a)*

WVCCPA § 46A-2-127 generally forbids "fraudulent, deceptive or misleading" debt collection practices. Moreover, § 46A-2-127(a) specifically prohibits "[t]he use of any business, company or organization name while engaged in the collection of claims, other than the true name of the debt collector's business, company or organization[.]" Therefore, per the language of the statute, the use of any name other than a true name is a violation of § 46A-2-127.

A plain reading of this statute would suggest a debt collector must use its official, legal name to collect a debt. The use of the word "the" in front of the term "true name" suggests a company may only have one "true name." Further, the "true name" of a business would presumably be the official name it registers and conducts litigation under. Therefore, for purposes of this motion to dismiss, the Court assumes the true name of TD Bank to be "TD Bank, N.A." Mr. Chapman's complaint supports this assumption, *Compl.* at ¶3, as does the Agreement, which states Mr. Chapman's account is "owned by TD Bank, N.A.," *Agreement* at 1.

At this stage, the facts suggest TD Bank used the names "Samsung Financing" and "TD Retail Card Services" to attempt to collect from Mr. Chapman. Neither of these names is TD Bank's true name. "TD Retail Card Services" and "TD Bank, N.A." share the acronym "TD." However, the two names are sufficiently distinct that the Court is hesitant to consider "TD Retail Card Services" to be TD Bank's true name. Nor does TD Bank claim "TD Retail Card Services" is its true name. Instead, TD Bank considers both "TD Retail Card Services" and "Samsung Financing" to be trade names. However, a trade name, by definition, is not a true name. *See Tradename*, *Black's Law Dictionary* (12th ed. 2024).

---

Chapman points to the enumerated §§ 46A-2-127(a) and (e) as the alleged violations here. Since the Account Statement seeks to collect a debt, the Court may appropriately consider it when determining whether Mr. Chapman plausibly alleged a violation of the WVCCPA.

As there is no case law on what the term "true name" means for purposes of the WVCCPA, TD Bank asks the Court to look to case law interpreting the FDCPA's analogous "true name" provision. The Court agrees that the FDCPA's "true name" provision is comparably analogous and informative to this analysis. *See* 15 U.S.C. § 1692e(14) (forbidding "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization").

TD Bank first points the Court to two district court cases that dismissed FDCPA claims at the motion to dismiss stage. In *Todd v. Capital One Financial Corp.*, a district court held that a law firm with the true name of "Greene & Cooper, LLP" could collect debt under the name "Greene & Cooper Attorneys LLP" without violating the true name provision of the FDCPA. No. CIV.A.3:07-CV-189-S, 2007 WL 3306097 at *3 (W.D. Ky. Nov. 6, 2007). TD Bank argues that the link between "TD Bank N.A." and "TD Retail Card Services" is equally clear. The Court disagrees. The defendant in *Todd* kept the entirety of its true name and added information that provided additional clarity to the consumer. In contrast, TD Bank removed the "Bank" from its name and added information that could plausibly confuse a consumer or lead a consumer to believe that TD Retail Card Services could be a separate entity.

TD Bank also directs the Court to *Williams v. HSBC Bank USA, N.A.*, where the court allowed the use of "CIBM HSBC BANK USA" instead of the true name "HSBC Bank USA, N.A." *Williams v. HSBC Bank USA, N.A.*, No. 6:14-CV-03103-MDH, 2014 WL 12616751 at *2 (W.D. Mo. June 30, 2014) The court held the names were "so similar that surely any reasonable consumer, including an unsophisticated consumer, would make the link between the two." *Id*. Notably, the *Williams* Court treated the defendant as simply a creditor and not a debt collector and, therefore, did not actually apply the "true name" requirement that the FDCPA imposes on debt

collectors. *Id.* at *2 ("Whether the false name used by a debt collector must be materially false to constitute a violation of the Act is left for another court on another day"). Consequently, this case is not instructive for the "true name" provision.

TD Bank then cites to a Federal Trade Commission commentary from 1988 that interprets the true name provision of the FDCPA. Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02 (Fed. Trade Comm'n Dec. 13, 1988)). In the commentary, the FTC instructs:

> A debt collector may use a name that does not misrepresent his identity or deceive the consumer. Thus, a collector may use its full business name, the name under which it usually transacts business, or a commonly-used acronym. When the collector uses multiple names in its various affairs, it does not violate this subsection if it consistently uses the same name when dealing with a particular consumer.

*Id.* at 51007. The commentary supports TD Bank's position that it may use multiple names in its affairs. However, this allowance is contingent on TD Bank using the *same name* when dealing with particular consumers. The evidence before the Court at this stage is that, in dealing with Mr. Chapman, TD Bank used two names—TD Retail Card Services and Samsung Financing—in an effort to collect a debt properly owned by TD Bank, N.A.

Finally, TD Bank discusses several ways that Mr. Chapman could have discovered that TD Bank was the entity seeking to collect his debt instead of the names listed on the correspondence. Specifically, TD Bank argues information provided in correspondence with Mr. Chapman, such as the provided phone number, mailing address, and website link, could have led Mr. Chapman to discover he was dealing with TD Bank, N.A. However, the requirement set forth in the WVCCPA is that debt collectors must use their true name. TD Bank has not pointed the Court to any case law or commentary that suggests that providing the described information somehow obviates the statutory requirement to collect debt in an entity's true name.

Because Mr. Chapman has sufficiently plead that TD Bank sought to collect debt under the names "Samsung Financing" and "TD Retail Card Services," neither of which is TD Bank's true name, the Court holds he has alleged plausible violations of the WVCCPA. Accordingly, the Court **DENIES** TD Bank's motion to dismiss the portions of Count I that allege § 46A-2-127(a) violations.

    c. *Section 46A-2-127(e)*

The final issue before the Court is Mr. Chapman's somewhat amorphous claim that TD Bank violated WVCCPA § 46A-2-127(e). Section 46A-2-127(e) forbids a debt collector from falsely representing or implying that it is "vouched for, bonded by, affiliated with or instrumentality" of a federal, state, or local government. Mr. Chapman provides several explanations for how TD Bank violated this portion of the statute, none of which the Court finds convincing.

First, Mr. Chapman seems to suggest that TD Bank violated the WVCAA and, therefore, violated WVCCPA § 46A-2-127(e). The WVCAA is the statute on which he based Count II of his Complaint. Despite withdrawing Count II, Mr. Chapman cites to the WVCAA and alleges TD Bank is acting as an unregistered debt collector. However, as TD Bank argued in its motion to dismiss, banks are excluded from the definition of "collection agencies" for purposes of the WVCAA. § 47-16-2. Mr. Chapman does not dispute this exemption. Therefore, the Court finds no plausible violation here.

Mr. Chapman next argues that in *Cavalry SPV I, LLC v. Morrisey*, the West Virginia Supreme Court of Appeals stated that unlicensed debt collection activities are violations of the WVCCPA. 752 S.E.2d 356, 366 (2013). The WVSCA did reference potential statutory violations when a collection agency "collect[s] consumer debts without a license or a surety bond[.]" *Id.*

However, in making this statement, the WVSCA referenced the WVCAA, not the WVCCPA. *See id.* at 366 nn.15–16. As discussed above, the WVCAA exempts banks, and, therefore, TD Bank, from the definition of collection agencies.

Mr. Chapman also references a footnote in *Morrisey* that states "[t]hese other improper debt collection actions, which if substantiated, constitute violations of the [WVCCPA], include collecting debts for unlicensed debt purchasers . . . ." However, the facts, as pleaded, indicate TD Bank is a creditor seeking to collect a debt owed to it, not an unlicensed debt purchaser, so this footnote, like the rest of *Morrisey*, is not helpful to Mr. Chapman's argument.

Finally, Mr. Chapman appears to argue that, though TD Bank has not explicitly represented itself as bonded by the state, it has done so implicitly in violation of the WVCCPA. The rationale, presumably, is that in using a name other than its true name to collect debt, TD Bank implied that it was acting as a collection agency under the WVCAA, which would then require it to be bonded by the state. The Court disagrees.

The underpinnings of Mr. Chapman's claims are that TD Bank is collecting a debt that it owns using fictitious names. These allegations, if true, would mean that TD Bank need not be licensed as a collection agency, per the terms of the WVCAA. TD Bank may have violated the WVCCPA by not using its true name. However, the Court does not agree that TD Bank using alternative names to collect debt somehow amounts to TD Bank representing that it is bonded by the state. Accordingly, the Court **GRANTS** TD Bank's motion to dismiss the portion of Count I that alleges a § 46A-2-127(e) violation.

### IV. Conclusion

Based on the above analysis, the Court **GRANTS in part** and **DENIES in part** Defendant TD Bank, N.A.'s Motion to Dismiss with Prejudice, ECF No. 15. Accordingly, the Court

**DISMISSES** Counts II and III in their entirety and the portion of Count I that alleges violations under § 46A-2-127(e). The portion of Count I that alleges § 46A-2-127(a) violations may proceed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 2, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE